Follett, J.
The original action was upon plaintiff’s contract with Weare. Weare did not perform his contract to pay and deliver to plaintiff the one-sixth part of all the oil produced or pumped from the premises, and he failed to account for the same ; and he refused to do so.
Plaintiff claimed that this contract “run with the land,” and that Weare and his assigns were bound by the con *609 tract; and to enforce this claim the Newburg Petroleum Company brought an action against Weare and his assigns, and the company demanded an account of the oil produced, and a delivery of the one-sixth part thereof, or the value of this one-sixth part.
Weare’s assigns, his co-defendants, claimed that this contract was only a personal agreement of Weare, that it was not a covenant that run with the land, and that it did not bind any one but Weare.
The questions presented to us by the record here are the only ones that we can review, and these questions arise upon the second amended petition and the .demurrers thereto of the co-defendants of Weare.
Before considering what is thus presented, we may see if other matters require our examination. There was a contest as to the filing of certain amendments to the second amended petition.
It seems that the court of common pleas was liberal in granting leave to file such amendments, yet they were not filed within any leave the court granted.
We will not regard these amendments as first presented to the district court, as was the case in Brock v. Bateman, 25 Ohio St. 609, where the court refused leave to file such an amendment.
Here they were irregularly filed in the court of common pleas, without leave of court, and for this reason it was not error reviewable for th.e court to strike them from the files, especially as the court thereafter considered their merits as allegations in the petition before it refused to permit them to be properly filed. On full consideration the court refused leave to file this amendment, “ solely for the reason that all of said amendment, except that portion relating to the agreement of' the Exchange Oil Company with John H. Weare, presents no material substantial allegation in addition to the plaintiff’s second amended petition ; and for the reason that the part setting out the agreement of the Exchange Oil Company, of Cincinnati; *610 Ohio, with John H. Weare, sets out a new and entirely different cause of action not affecting all the defendants.”
On such an agreement plaintiff could have had a separate action against the Exchange Oil Company. In thus holding, we think the court did not abuse its discretion, or deprive plaintiff of any right. “ Motions for leave to amend are addressed to the sound discretion of the court, and their refusal will not be held to be erroneous, unless it is affirmatively shown that the discretion was abused.” Clark v. Clark, 20 Ohio St. 128.
As to plaintiff’s demand for a judgment against Weare, as on default for not answering the interrogatories more fully, and the court’s refusal to render such a judgment., section 5101 of the Revised Statutes provides : “Answers to interrogatories may be enforced by nonsuit, judgment by default, or by attachment, as the justice of the case may require.” '
From the record of this case, which presents to us the pleadings and the facts, we do not think there is manifest error in the court’s exercise of a sound discretion.
As to plaintiff’s action against Weare alone, the case has remained and still is in the court of common pleas, and it may be proceeded with there.
We will now inquire as to what questions are presented to us by the second amended petition and 'the demurrers thereto of the Exchange Oil Company and of the other co-defendants of Weare.
Among other things, plaintiff avers the making and assignment of certain oil leases on these lands, and that on August 30, 1.866, the plaintiff was seized of all the right, title, and interest of the lessees in and to the residue then unexpired of their terms in the premises.
“And that on the 30th day of August, a. d. 1866, the defendant, John H. Weare, held the title in fee of said premises subject to the rights of the plaintiff as assignee, as above mentioned, of the said unexpired terms. And the plaintiff says that after it, the said plaintiff, became seized of the said premises for the said unexpired terms as afore *611 said, and while the plaintiff was in actual possession of the said demised premises, holding them under the said leases, and after the said John H. Weare, defendant, became the owner of the fee as aforesaid, subject to said demises, and while Weare was such owner, holding subject to said demises, to wit, on the 30th day of August, a. d. 1866, the plaintiff, by its duly authorized agent, entered into a contract and agreement, in writing, with the defendant, John H. Weare, which contract John H. Weare duly signed, sealed, and acknowledged before a notary public of Washington county, in the state of Ohio, in the presence of two witnesses, who signed their names thereto as witnesses.
“In which written agreement it was recited that the said leases heretofore mentioned were then owned by the said Newburg Petroleum Company, the plaintiff herein. And the plaintiff says that in the written agreement so made and executed by the plaintiff and John II. Weare, on the 30th day of August, 1866, the plaintiff agreed to and with John H. "Weare to remise and release and forever quitclaim, and did therein remise, release, and quitclaim unto John H. Weare all the right, title, and interest of the Newburg Petroleum Company, of, in and to the lands conveyed by and described in the leases.”
After such a conveyance no interest in these lands remained in the plaintiff, except the possession. But the plaintiff did not retain the possession.
“And the plaintiff says that after making and delivery of the said contract, the plaintiff put John H. Weare into possession of all the premises so as aforesaid remised, released, and quitclaimed under and in pursuance of the written agreement arid contract.”
This is plaintiff’s statement of the case, and the demurrers admit all this to be true.
And with other considerations “ the' plaintiff says that John H. Weare, in the written agreement, duly executed and delivered by him, under seal, did covenant and agree to and with the plaintiff, the Newburg Petroleum Company, to pay and deliver to the Newburg Petroleum Company, *612 its successors and assigns, upon said leased premises, the one full equal sixth part of all the carbon or rock-oil, salt or other mineral substances produced or pumped thereon or therefrom daily, as produced during the rest and residue then remaining of the terms granted in said abov-e mentioned leases respectively.”
By the terms of this agreement as set forth Weare binds himself alone. And he does not grant to plaintiff any interest in the land itself; and he does not agree to produce any oil or mineral substance from the land; but if, during the terms of those leases, any oil or minei’al substance is “produced or pumped thereon or therefrom”— which will thus be separated from the realty and become personalty — Weare agrees to pay and deliver upon said leased premises, to the New burg Petroleum Company, its successors and assigns, the one full equal sixth part of such oil or mineral substance, daily, as produced.
Such seem to be the language and the meaning of the parties’ agreement, and that Weare alone is bound, and that his assigns are not bound. But it is claimed that the plaintiff may hold the assignees of Weare by virtue of the principle in the first rule given in Spencer’s Case, 1 Smith Lead. Cas. *69: “I. When the covenant extends to a thing in esse, parcel of the demise, the thing to be done by force of the coyenant is quodammodo, annexed and appurtenant to the thing demised, and shall go with the land, and shall bind the assignee, although he be not bound by express words; but when the covenant extends to a thing which is not in being at the time of the demise made, it can not be appurtenant or annexed to the thing which hath no being.”
The plaintiff, as assignee of these leases, owned no part of these lands, and it had only a right, for a term of years, to produce or pump oil and other mineral substances on and from these lands. Subject to this right for such terms of years, Weare owned these lands and all that was appurtenant thereto; and when the plaintiff released and conveyed to Weare, without reservation, this right and all plaintiff’s interest in the lands, and put him into pos *613 session of the- same; and when it took Weare’s agreement to pay and deliver to plaintiff the one-sixth part of what should be produced or pumped thereon or therefrom; there was no' “ thing in esse, parcel of the demise,” that was “ annexed and appurtenant to the thing demised,” so as to bring this case withiu the first part of that rule in Spencer’s Case; and it seems to fall within the second part of that rule, and that the covenant binds “ the covenantor, his executors or administrators, and not the assignee.”
Weare did not attempt to bind his assigns in express terms, and he did not make the payment of the one-sixth part of the production a charge on the land; neither did the law make such payment or delivery a lieu upon the land, as it does in case of a tax on land.
We need but refer to the “ much learning” upon this general subject collected in connection with Spencer’s Case, in Smith Lead. Cas. *68 et seq.
There is no error apparent upon the record that requires a reversal of the judgments in this case, and the same are affirmed as to all the defendants, except Weare. This is done without any prejudice to the plaintiff’s action and rights against Weare in this case, which as to such rights is still pending in the court of common pleas of- Washington county.

Judgment affirmed.